## Case No. 23-5881

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

---

JEANNE ANN BURTON, CH. 7 TRUSTEE,

*Plaintiff-Appellee,*

– v. –

CONEY ISLAND AUTO PARTS UNLIMITED INC.,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE (NASHVILLE)

## BRIEF FOR DEFENDANT-APPELLANT

THE GINZBURG LAW FIRM, P.C.
*Attorneys for Defendant-Appellant*
200 Village Center Drive, Unit 7045
Freehold, New Jersey 07728
Tel: (732) 284-3841
daniel@ginzburglawfirm.com

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations
# and Financial Interest

Sixth Circuit
Case Number:  23-5881          Case Name:  Coney Island v. Vista Pro

Name of counsel:  Daniel Ginzburg

Pursuant to 6th Cir. R. 26.1,  Coney Island Auto Parts Unlimited, Inc.
                                          *Name of Party*

makes the following disclosure:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation?  If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

No.

2.    Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?  If yes, list the identity of such corporation and the nature of the financial interest:

No.

CERTIFICATE OF SERVICE

I certify that on _____ October 16, 2023 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Daniel Ginzburg

This statement is filed twice:  when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents.  See 6th Cir. R. 26.1 on page 2 of this form.

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

STATEMENT OF JURISDICTION .......................................................... 1

STATEMENT CONCERNING ORAL ARGUMENT ............................ 2

STATEMENT OF THE ISSUES ............................................................. 3

STATEMENT OF THE CASE ................................................................ 4

SUMMARY OF THE ARGUMENTS...................................................... 7

STANDARD OF REVIEW ..................................................................... 9

ARGUMENT............................................................................................ 9

    I.    The Courts Below Incorrectly Concluded That the Sixth Circuit Places a Time Limitation On Motions to Vacate Judgments Void Due to Lack of Personal Jurisdiction.......... 9

    II.    This Court Has Held That the Courts Below Have No Discretion In Connection With Motions to Vacate Default Judgments ............................................................................. 16

    III.    Neither Laches Nor Any Other Sort of Equitable Defense is a Valid Basis to Deny the Motion..................................... 18

    IV.    Service of Process In This Action Was Defective ................ 19

CONCLUSION ....................................................................................22

# TABLE OF AUTHORITIES

**Page**

**Cases**

*"R" Best Produce, Inc. v. DiSapio*,
   540 F.3d 115 (2d Cir. 2008) .................................................................. 12

*Amernational Indus., Inc. v. Action-Tungsram, Inc.*,
   925 F.2d 970 (6th Cir. 1991) ................................................................. 9

*Antoine v. Atlas Turner, Inc.*,
   66 F.3d 105 (6th Cir. 1995) ................................................................. 16

*Arthur v. Litton Loan Servicing LP*,
   249 F. Supp. 2d 924 (E.D. Tenn. 2002) ................................................ 17

*Bank One of Cleveland, N.A. v. Abbe*,
   916 F.2d 1067 (6th Cir. 1990) ............................................................. 17

*Beneficial Cal., Inc. v. Villar (In re Villar)*,
   317 B.R. 88 (Bankr. 9th Cir. 2004) ...................................................... 20

*Berkley v. Williams*,
   2022 WL 3452472 (6th Cir. July 11, 2022) ........................................... 10

*Blachy v. Butcher*,
   129 F. Appx. 173 (6th Cir. 2005) ......................................................... 12

*Burrell v. Henderson*,
   434 F.3d 826 (6th Cir. 2006) ................................................................. 9

*Cook v. Dep't of Safety of Tenn. (In re Cook)*,
   421 B.R. 446 (Bankr. W.D. Tenn. 2009) .............................................. 18

*Cunningham v. Enagic USA, Inc.*,
   2019 WL 5549246 (M.D. Tenn. Sept. 10, 2019) ................................... 16

*Days Inn Worldwide, Inc. v. Patel*,
   445 F.3d 899 (6th Cir. 2006) .......................................................11-12, 16

*Eglinton v. Loyer (In re G.A.D., Inc.)*,
   340 F.3d 331 (6th Cir. 2003) .......................................................... 10-12

*Garcia Fin. Group, Inc. v. Va. Accelerators Corp.*,
   3 Fed. Appx. 86 (4th Cir. 2001) ........................................................... 13

i

*Hertz Corp. v. Alamo Rent-a-Car*,
  16 F.3d 1126 (11th Cir. 1994) ............................................................. 19

*Hoffmann v. Pulido*,
  928 F.3d 1147 (9th Cir. 2019) ............................................................. 14

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
  456 U.S. 694 (1982)............................................................................. 15

*Jackson v. FIE Corp.*,
  302 F.3d 515 (5th Cir. 2002) ............................................................... 18

*Katter v. Ark. La. Gas Co.*,
  765 F.2d 730 (8th Cir. 1985) ............................................................... 13

*King v. Taylor*,
  694 F.3d 650 (6th Cir. 2012) ............................................................... 17

*LSJ Inv. Co. v. O.L.D., Inc.*,
  167 F.3d 320 (6th Cir. 1999) ............................................................... 17

*Million (Far East) Ltd. v. Lincoln Provisions Inc. USA*,
  581 Fed. Appx. 679 (9th Cir. 2014) ..................................................... 13

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999)............................................................................. 17

*O.J. Distrib., Inc. v. Hornell Brewing Co.*,
  340 F.3d 345 (6th Cir. 2003) .................................................... 10, 16, 18

*Owens-Corning Fiberglass Corp. v. Ctr. Wholesale, Inc. (In re Ctr. Wholesale, Inc.)*,
  759 F.2d 1440 (9th Cir. 1985) ............................................................. 19

*Peralta v. Heights Med. Ctr., Inc.*,
  485 U.S. 80 (1988)............................................................................... 14

*PNC Mortg. v. Rhiel*,
  2011 WL 1043949 (S.D. Ohio Mar. 18, 2011)...................................... 18

*Practical Concepts, Inc. v. Republic of Bolivia*,
  811 F.2d 1543 (D.C. Cir. 1987)............................................................ 15

*Procom Supply, LLC v. Langner*,
  2020 U.S. App. LEXIS 40148 (6th Cir. Dec. 22, 2020) ....................... 10

*Reaves v. Am.'s Serv. Co. (In re Reaves)*,
  396 B.R. 708 (Bankr. W.D. Tenn. 2008) ............................................. 20

*Savage & Assocs., P.C. v. 1201 Owner Corp. (In re Teligent, Inc.)*,
   485 B.R. 62 (Bankr. S.D.N.Y. 2013) .................................................... 20

*United States v. Dailide*,
   316 F.3d 611 (6th Cir. 2003) ........................................................ 9-10, 13

*United States v. One Toshiba Color Television*,
   213 F.3d 147 (3d Cir. 2000) .................................................................. 12

*York v. Bank of Am., N.A. (In re York)*,
   291 B.R. 806 (Bankr. E.D. Tenn. 2003) ............................................... 20

## Statutes

28 U.S.C. § 1291 ........................................................................................ 1

## Rules

Fed. R. Civ. P. 60 ............................................................................. *passim*

## STATEMENT OF JURISDICTION

The bankruptcy court exercised jurisdiction over this matter pursuant 28 U.S.C. § 1334. The adversary proceeding was a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I). The district court had jurisdiction to hear appeals of final orders and judgments of the bankruptcy court pursuant to 11 U.S.C. § 158(a)(1). The district court's denial of defendant-appellant's motion to vacate the default judgment against it constituted a final decision pursuant to 28 U.S.C. § 1291. (RE 18, PageID # 690).

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 because it arises from a final decision of the United States District Court for the Middle District of Tennessee entered on September 8, 2023. (*See id.*). Defendant-appellant timely filed a notice of appeal on October 4, 2023. (RE 19).

## STATEMENT CONCERNING ORAL ARGUMENT

Defendant-appellant's counsel respectfully informs the Court that oral argument is warranted. The central question raised on appeal is an issue of first impression in this Circuit: whether Fed. R. Civ. P. 60(c)(1) applies to motions to vacate a default judgment based on lack of personal jurisdiction. The courts below indicated that there is a split of authority on this question, with every Circuit Court of Appeals other than the Sixth Circuit holding that Rule 60(c) does not apply to such motions.

## <u>STATEMENT OF THE ISSUES</u>

Did the bankruptcy court and district court err in determining that the Sixth Circuit Court of Appeals, unlike all the other Courts of Appeals, requires a motion to vacate a default judgment entered in the absence of personal jurisdiction to be filed within a reasonable time after its entry?

**<u>Proposed Answer</u>**: Yes, because a judgment entered in the absence of personal jurisdiction is void and cannot blossom into a valid judgment merely by the passage of time, and every other Circuit Court of Appeals has held that there is no time limitation to vacate a judgment void *ab initio* for lack of personal jurisdiction.

## STATEMENT OF THE CASE

On November 17, 2014, Vista-Pro Automotive, LLC ("**Plaintiff**") commenced a voluntary case under Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Tennessee, where it was assigned case number 3:14-bk-09118.   On February 11, 2015, Plaintiff commenced an adversary proceeding for unpaid invoices against defendant-appellant Coney Island Auto Parts Unlimited Inc., a New York corporation ("**Defendant**"), by way of filing a complaint.  (RE 6, PageID # 38).  The adversary proceeding was designated Case Number 3:15-ap-90079.

According to the Certificate of Service, Plaintiff's counsel served the summons and complaint via regular, first class United States mail, postage fully pre-paid, addressed to:

> Coney Island Auto Parts Unltd., Inc.
> 2317 McDonald Ave.
> Brooklyn, NY 11223

(RE 6, PageID # 78 (Supplemental # 44)).[1]  Separate counsel signed Plaintiff's motion for default judgment, which, too, stated that the

---

[1] Due to overlapping stamps, some ECF markings of the Record are illegible.  In those instances, this Brief will also refer to the supplemental page numbers included at the bottom right of RE 6.

summons and complaint were delivered "by U.S. mail at 2317 McDonald Ave., Brooklyn, New York 11233." (RE 6, PageID # 87 (Supp. # 53)). On May 19, 2015, the bankruptcy court signed and entered the order granting Plaintiff's motion for default judgment. (RE 6, PageID # 92-93 (Supp. # 58-59)). The judgment was in the amount of $48,696.21, plus $7.00 per diem (the "**Judgment**").

On July 22, 2020 – over five years later – Plaintiff commenced a proceeding in the United States Bankruptcy Court for the Southern District of New York to register the Judgment in that court. (RE 6, PageID # 95). In or about February 2021, Plaintiff served upon Metropolitan Commercial Bank ("**Met Bank**") an Information Subpoena with Restraining Notice pursuant to New York law (the "**Restraining Notice**"). (RE 6, PageID # 97). As a result of the subpoena, on February 5, 2021 Met Bank advised Defendant that it had placed a hold on its account in the amount of $97,392.42 (twice the amount of the Judgment). (RE 6, PageID # 101).

Following unsuccessful negotiations, on October 7, 2021, Defendant moved the New York Bankruptcy Court to vacate the Judgment due to lack of personal jurisdiction. During the hearing, the court agreed that

service seemed to be improper. (RE 6, PageID # 108-09 at 6:23–7:1). However, the court exercised its discretion and held that Defendant's recourse lies with the Tennessee bankruptcy court as a matter of comity because it entered the Judgment and the underlying bankruptcy proceeding remains open. Therefore, the court denied the motion, and on October 12, 2021 issued an order to that effect. (RE 6, PageID # 112-13). Defendant timely appealed the bankruptcy court's decision to the United States District Court for the Southern District of New York. On April 21, 2022, the district court issued an Opinion and Order affirming the bankruptcy court's order. (RE 6, PageID # 118-29).

Thereafter, Defendant moved the Tennessee bankruptcy court to vacate the Judgment. On September 23, 2022, the bankruptcy court denied the motion to vacate. (RE 6, PageID # 207-15 (Supp. # 186-94). It found that this Court enforces the mandate in Fed. R. Civ. P. 60(c) that motions to vacate a judgment – including where "the judgment is void" – be made within a "reasonable time." (*Id.* at 224 (Supp. # 190)). The court recognized that other Circuit Courts of Appeals and commentators disagree and hold that there is no time limitation at all in connection with motions to vacate a judgment void due to lack of personal

jurisdiction. (*Id.* at 226 (Supp. # 192)). However, because lower courts within the Sixth Circuit are bound by this Court's jurisprudence, the bankruptcy court held it had no discretion to grant the motion to vacate.

Plaintiff timely appealed the bankruptcy court's ruling to the district court. On September 8, 2023, the district court issued its decision affirming the bankruptcy court's holding. (RE 18, PageID # 690-94). In the main, the district court agreed with the bankruptcy court that although Defendant's argument might be successful in other Circuit Courts of Appeals, it has no purchase in the Sixth Circuit. (*Id.* at 691-93). Accordingly, the district court affirmed denial of the motion to vacate the Judgment.

## SUMMARY OF THE ARGUMENTS

In writing this brief, the undersigned was reminded of two elementary mathematical concepts. First, the number zero will never turn into a positive integer, regardless of what is done to it. Second, zero, i.e., a nullity, multiplied by any number remains zero, and vice versa.

These same concepts apply here. It is undisputed that a judgment procured as a result of defective personal service is void and therefore a nullity. The passage of time between entry of the void judgment and the

motion seeking a formal declaration that the judgment is void does not confer validity upon that judgment, just like a zero will never be anything other than a zero. If it is void *ab initio* then it remains void for all time, and a motion for relief is never untimely. This has been the holding of every Circuit Court of Appeals to have examined the issue.

Somewhat astonishingly, however, the present dispute is one of first impression in this Court. Although the Sixth Circuit has in the past held that Rule 60(c) requires motions for relief from a judgment to be made within a reasonable time, those cases were distinguishable from this one because they involved situations where a court unquestionably had personal jurisdiction. Not so here. In this case, perforce of the invalid service, the bankruptcy court lacked jurisdiction over Defendant. Accordingly, the default judgment it entered was immediately void. The passage of time since the entry could not and did not vivify it. Contrary to the findings of the courts below, this Court has never held that a litigant seeking vacation of a void judgment entered in the absence of personal jurisdiction must do so within a set period of time or be barred.

For these reasons, the orders of the bankruptcy court and district should be reversed and the judgment against Defendant vacated.

## STANDARD OF REVIEW

This Court reviews *de novo* a district court's denial of a motion to vacate a default judgment. *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (citing *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 975 (6th Cir. 1991)).

## ARGUMENT

### I.    The Courts Below Incorrectly Concluded That the Sixth Circuit Places a Time Limitation On Motions to Vacate Judgments Void Due to Lack of Personal Jurisdiction

The courts below held that this Court, unlike all the other Courts of Appeals, places a "reasonable" time limitation on motions to vacate judgments entered notwithstanding lack of personal jurisdiction. (*See* RE 6, PageID # 211; RE 18, PageID # 691); *see also* Fed. R. Civ. P. 60(c)(1) ("a motion under Rule 60(b) must be made within a reasonable time[.]"). For that proposition, the courts relied primarily on *United States v. Dailide*, 316 F.3d 611 (6th Cir. 2003). *Dailide* is distinguishable, however, because at issue there was a collateral attack on a then four-year-old grant of summary judgment challenging the court's subject matter jurisdiction, not personal jurisdiction. *Id.* at 617-18. A judgment entered without subject matter jurisdiction differs significantly from one

9

entered without personal jurisdiction because the latter implicates due process whereas the former does not. *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). Accordingly, motions to vacate for lack of subject matter jurisdiction face a far higher hurdle than ones for lack of personal jurisdiction. *Compare, e.g., Eglinton v. Loyer (In re G.A.D., Inc.)*, 340 F.3d 331, 336 (6th Cir. 2003) ("[A] Rule 60(b)(4) motion will succeed only if the lack of subject matter jurisdiction was so glaring as to constitute a total want of jurisdiction, or no arguable basis for jurisdiction existed" (internal quotation marks omitted)) *with Berkley v. Williams*, 2022 WL 3452472, 2022 U.S. App. LEXIS 19066, at *4-5 (6th Cir. July 11, 2022) ("Accordingly, if service of process was improper, the court *must* grant relief from the default judgment as void for lack of jurisdiction" (emphasis added)).

Indeed, this Court has itself circumscribed *Dailide*'s reach to motions for lack of subject matter jurisdiction alone. *See Procom Supply, LLC v. Langner*, 2020 U.S. App. LEXIS 40148, at *6 (6th Cir. Dec. 22, 2020) ("[W]e have held that Rule 60(c)(1)'s timeliness requirement applies to Rule 60(b)(4) motions claiming that the judgment is *void for lack of subject-matter jurisdiction*" (citing *Dailide* and emphasis added)).

10

Thus, *Dailide* does not stand for the proposition that Rule 60(c)(1) applies to motions to vacate for lack of personal jurisdiction.

The courts below also cited *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006) (RE 6, PageID # 211; RE 18, PageID # 693), but that case is factually distinguishable. *Patel* involved a curious fact pattern where the plaintiff mistakenly served defendant at an incorrect address; defendant obviously did not receive service; plaintiff moved for judgment by default and the court scheduled a hearing; the plaintiff then properly served defendant at the correct address with both the motion and the summons and complaint; defendant did not appear at the default judgment hearing; the court entered the default judgment; and the plaintiff then waited eleven months to vacate the judgment, arguing that it was void. *Id.* at 902-03. On those unique facts, this Court found that the district court obtained personal jurisdiction over the defendant by way of the second mailing (permissible by state law), and agreed that, jurisdiction having been acquired, defendant waited too long to vacate the judgment. *Id.* at 905-06. The difference between *Patel* and this case is palpable. In the former, as the defendant's own counsel conceded during oral argument, the court had jurisdiction over him by way of the

second round of service. *Id.* at 904-05. In contrast, the bankruptcy court here never acquired jurisdiction over Defendant because it was never properly served with process. The bankruptcy court and district court also cited *Eglinton*, 340 F.3d at 334, and *Blachy v. Butcher*, 129 F. Appx. 173 (6th Cir. 2005) (RE 6, PageID # 211; RE 18, PageID # 693). Both of those cases dealt with subject matter jurisdiction, however, and so are inapposite.

Although this Court has never held that Rule 60(c)(1) applies to a motion to vacate a judgment for lack of personal jurisdiction, the bankruptcy court noted that the First, Fifth, Seventh, Tenth, Eleventh and D.C. Circuits have held that it does not. (RE 6, PageID # 212). The Second Circuit has held likewise, *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123-24 (2d Cir. 2008) ("In fact, it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void may be made at any time" (internal quotation marks omitted)), as have the Third, Fourth, Eighth and Ninth Circuits. *See United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000) (*en banc*) ("[N]early overwhelming authority exists for the proposition that there are no time limits with regards to a challenge to a void judgment because

12

of its status as a nullity[.]"); *Garcia Fin. Group, Inc. v. Va. Accelerators Corp.*, 3 Fed. Appx. 86, 88 (4th Cir. 2001) ("[A] Rule 60(b)(4) motion may be brought to set aside a void judgment at any time."); *Katter v. Ark. La. Gas Co.*, 765 F.2d 730, 734 (8th Cir. 1985) ("laches is not generally recognized as a basis for refusing relief from an invalid (void) default judgment"); *Million (Far East) Ltd. v. Lincoln Provisions Inc. USA*, 581 Fed. Appx. 679, 682 (9th Cir. 2014) ("Motions to set aside a judgment as void under Rule 60(b)(4) may be brought at any time. Accordingly, the district court erred in denying the motion as untimely with respect to its request to set aside the judgment under Rule 60(b)(4)" (citations omitted)). In sum, there is case law from every Circuit indicating that Defendant's motion would have been granted if filed there.

The district court reviewing the appeal from the bankruptcy court held that Defendant's "dissection" of this Court's jurisprudence misses the point that the combination of Rules 60(b)(4) and (c)(1) require the movant to seek relief within a reasonable time regardless of why the judgment is void. (RE 18, PageID # 693). But as discussed above, *Dailide* and cases after it have expressly limited the timeliness requirement to post-judgment attacks on subject matter jurisdiction, not personal

jurisdiction. This dichotomy makes sense because permitting a party to appear and litigate a case in earnest to its conclusion and then, unhappy with the result, years later argue that the original court lacked subject matter jurisdiction offends notions of fairness and finality. *See Langner*, 2020 U.S. App. LEXIS 40148, at *7 ("These rules protect the important interest in finality by preventing litigants from taking advantage of 'unending opportunities to second-guess a court's legal determination as to its jurisdiction outside of the typical appellate review process'" (quoting *Hoffmann v. Pulido*, 928 F.3d 1147, 1151 (9th Cir. 2019)). By contrast, where a court enters a judgment by default having never acquired personal jurisdiction – the *sine qua non* of American jurisprudence – the defendant should be permitted to attack the judgment notwithstanding the passage of time. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988) (finding that service of process is so critical that even requiring a movant seeking vacation of a default judgment to show the existence of a meritorious defense is unconstitutional).

As then-Judge Ginsburg explained:

> A defendant who knows of an action but believes the court lacks jurisdiction over his person or over the subject matter generally has an election. He may appear, raise the jurisdictional objection, and

14

> ultimately pursue it on direct appeal. If he so elects, he may not renew the jurisdictional objection in a collateral attack.
>
> . . .
>
> Alternatively, the defendant may refrain from appearing, thereby exposing himself to the risk of a default judgment. *When enforcement of the default judgment is attempted*, however, he may assert his jurisdictional objection. If he prevails on the objection, the default judgment will be vacated. If he loses on the jurisdictional issue, on the other hand, his day in court is normally over; as a consequence of deferring the jurisdictional challenge, he ordinarily forfeits his right to defend on the merits.

*Practical Concepts, Inc. v. Republic of Bolivia*, 811 F.2d 1543, 1547 (D.C. Cir. 1987) (emphasis added); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982) ("a defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding.").

In the alternative, the bankruptcy court briefly analyzed the issue as one of potential waiver of the opportunity to move for relief. But as it noted in its opinion, waiver requires an intentional relinquishment or abandonment of a known right. (RE 6, PageID # 211-12 (citing *Patel*)).

Waiver in this context, however, is essentially the same as laches. *Patel*, 445 F.3d at 908. And this Court has held that a court weighing a request for relief based on a judgment void for lack of personal jurisdiction need not consider any equitable factors, including laches. *O.J. Distrib.*, 340 F.3d at 355.

## II.    This Court Has Held That the Courts Below Have No Discretion In Connection With Motions to Vacate Default Judgments

Although Rule 60(b) is worded permissively – "may relieve" – this Court has held that courts reviewing motions to vacate a default judgment cannot exercise discretion. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) ("If the underlying judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under rule 60(b)(4)."); *see also Cunningham v. Enagic USA, Inc.*, 2019 WL 5549246, 2019 U.S. Dist. LEXIS 185075, at *8 (M.D. Tenn. Sept. 10, 2019) ("[w]hen the requested relief is from a void judgment due to lack of proper service, the court need not weigh [any] equitable factors.").

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib.*, 340 F.3d at 353. Therefore, "without proper service of process, consent,

waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)).  As a result, it is a "bedrock principle that a defendant is not obliged to engage in civil litigation unless the defendant is properly notified of the action and brought under the court's authority, i.e., personal jurisdiction, by formal service of process." *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 928 (E.D. Tenn. 2002).  Critical here, even a defendant's possible actual notice of a lawsuit is "immaterial to the question of whether that defendant was properly served." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999).  And in the absence of proper service, "a federal court is powerless to proceed to an adjudication." *King*, 694 F.3d at 655 (citation and internal quotation marks omitted)).

"It is elemental that a judgment rendered by a court lacking personal jurisdiction over the defendant is void as to that defendant." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1081 (6th Cir. 1990). There can be no personal jurisdiction over a defendant in an adversary proceeding where service is defective. *Cook v. Dep't of Safety of Tenn. (In*

*re Cook)*, 421 B.R. 446, 454 (Bankr. W.D. Tenn. 2009) ("Proper service under Rule 4 is necessary for a court to obtain personal jurisdiction over a defendant in an adversary proceeding."); *PNC Mortg. v. Rhiel*, 2011 WL 1043949, 2011 U.S. Dist. LEXIS 28339, at *14-15 (S.D. Ohio Mar. 18, 2011) (holding that Bankruptcy Rule 7004 must be strictly construed and vacating a default judgment because service of process was defective).

## III. Neither Laches Nor Any Other Sort of Equitable Defense is a Valid Basis to Deny the Motion

Plaintiff argued before the courts below that because the Judgment was entered in 2015, Defendant was guilty of laches by moving in 2020. The courts did not address this argument, but it would be misplaced. Arguments sounding in equity are inappropriate in connection with Rule 60(b)(4) motions. *See O.J. Distrib.*, 340 F.3d at 355 (holding that a court reviewing a request for relief based on a void judgment need not consider any equitable factors). Moreover, courts have consistently held that a judgment void *ab initio* is not revived by the mere passage of time. *Church v. Charter Plymouth*, 2008 U.S. Dist. LEXIS 145618, at *18 (E.D. Mich. Sept. 30, 2008); *Jackson v. FIE Corp.*, 302 F.3d 515, 523-24 (5th Cir. 2002) ("[T]here is no time limit on Rule 60(b)(4) motions, and [the] doctrine of laches has no effect. As a general rule, the fact that such a

motion is made long after the entry of a default judgment should not be an obstacle to the jurisdictional inquiry."); *Hertz Corp. v. Alamo Rent-a-Car*, 16 F.3d 1126, 1130 (11th Cir. 1994) (collecting cases and concluding that "*no court* has denied relief under Rule 60(b)(4) because of delay" (emphasis in original and citation omitted)); *Owens-Corning Fiberglass Corp. v. Ctr. Wholesale, Inc. (In re Ctr. Wholesale, Inc.)*, 759 F.2d 1440, 1448 (9th Cir. 1985) ("[a] void judgment cannot acquire validity because of laches on the part of the judgment debtor (Owens-Corning in this case). . . . Therefore, Owens-Corning's delay in bringing its Rule 60(b)(4) motion is irrelevant and the motion was timely.").

## IV.  Service of Process In This Action Was Defective

One final point.  Although both the bankruptcy court and district court did not make any findings in connection with propriety of service in this case, the service was defective.  Bankruptcy Rule of Procedure 7004(b)(3) states that service upon a corporation may be accomplished via first class mail "by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent . . . ."  Bankruptcy courts generally, including those in Tennessee, have interpreted this provision strictly, requiring mailing to be to a specific person, not just the

corporation. *See Reaves v. Am.'s Serv. Co. (In re Reaves)*, 396 B.R. 708, 716 (Bankr. W.D. Tenn. 2008) ("Courts have found that when a pleading was not addressed to an officer by either name or title it is insufficient service under rule 7004(b)(3)."); *York v. Bank of Am., N.A. (In re York)*, 291 B.R. 806, 810-11 (Bankr. E.D. Tenn. 2003) ("the problem [of whether service requires an individual's name or merely a title] is not relevant to this proceeding because the original summons was not addressed to an officer by either name or title. As a result, it was not proper service under rule 7004(b)(3)."). Courts around the nation have agreed. *See Savage & Assocs., P.C. v. 1201 Owner Corp. (In re Teligent, Inc.)*, 485 B.R. 62, 68 (Bankr. S.D.N.Y. 2013) ("[S]ervice not directed to the attention of anybody in particular is not sufficient" (alteration in original and citation omitted)); *Beneficial Cal., Inc. v. Villar (In re Villar)*, 317 B.R. 88, 93 (Bankr. 9th Cir. 2004) ("[N]ationwide service of process by first class mail is a rare privilege which should not be abused . . . Thus, the service has to be made to a specifically named officer. Accordingly, service on corporation was insufficient under the plain words of Rule 7004(b)(3) when it failed to specify a person or even an office.").

Here, service of the summons and complaint was made via first class mail to "Coney Island Auto Parts Unltd., Inc.," and not to any specific named person, or title of officer or agent. (RE 6, PageID # 78 (Supp. # 44)). Accordingly, Plaintiff's service by way of Rule 7004(b)(3) was improper and the bankruptcy court lacked *in personam* jurisdiction over Defendant. *See Savage*, 485 B.R. at 69-70 ("Savage's failure was not a mere technical violation of a bankruptcy rule; the method of notice deprived 1737 Corp. of due process of law. . . . Accordingly, the court never acquired personal jurisdiction over 1737 Corp., the judgment is void, and it is vacated."); *Reaves*, 396 B.R.. at 716 ("the debtor also failed to address the pleadings to an officer or agent and instead merely addressed the pleadings to 'American Servicing Company.' This too is insufficient. . . . As a result, the court finds that it had no personal jurisdiction over ASC at the time the judgment of contempt was rendered. That judgment is hereby declared void."); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) ("In short, the requirement of proper service of process is not some mindless technicality.").

## CONCLUSION

For all the above reasons, Defendant respectfully requests that the Court (1) vacate the Judgment, and (2) direct Plaintiff to return to Defendant the funds seized from Met Bank.

Dated:      November 29, 2023

Respectfully submitted,

**THE GINZBURG LAW FIRM, P.C.**

/s/ *Daniel Ginzburg*
By:   Daniel Ginzburg
200 Village Center Drive, Unit 7045
Freehold, NJ 07728
(732) 284-3841 (tel)
daniel@ginzburglawfirm.com
*Counsel to Defendant-Appellant Coney Island Auto Parts Unlimited Inc.*

22

## <u>CERTIFICATE OF COMPLIANCE</u>

With Type-Volume Limitation, Typeface
Requirements, and Type Style Requirements

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the brief exempted by Fed. R. App. P. 32(f):

[X] this brief contains 3,884 words, or
[ ] this brief uses a monospaced typeface and contains [state the number of] lines of text.

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[X] this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook, or
[ ] this brief has been prepared in a monospaced typeface using [state name and version of word processing program] with [state number of characters per inch and name of type style].

Dated: November 29, 2023


/s/ *Daniel Ginzburg*
*Counsel to Defendant-Appellant Coney Island Auto Parts Unlimited Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 29, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated: November 29, 2023

/s/ *Daniel Ginzburg*
*Counsel to Defendant-Appellant Coney Island Auto Parts Unlimited Inc.*

# ADDENDUM

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Pursuant to Sixth Circuit Rule 30(b)

| Record Entry No. | Description | Date | Page ID Range |
|---|---|---|---|
| 6 | Complaint | February 11, 2015 | 38-42 |
| 6 | Certificate of Service | February 23, 2015 | 78 |
| 6 | Motion for Default Judgment | April 13, 2015 | 87 |
| 6 | Order Granting Default Judgement | May 19, 2015 | 92-93 |
| 6 | Certification of Judgment | July 22, 2020 | 95 |
| 6 | Information Subpoena with Restraining Notice | February 3, 2021 | 97-99 |
| 6 | Letter from Met Bank | February 5, 2021 | 101 |
| 6 | Transcript of Proceeding Before New York Bankruptcy Court | October 7, 2021 | 103-10 |
| 6 | Order of New York Bankruptcy Court | October 12, 2021 | 112-13 |
| 6 | Opinion and Order of New York District Court | April 21, 2022 | 118-29 |
| 6 | Order and Memorandum of Tennessee Bankruptcy Court | September 23, 2022 | 207-15 |

3

| 18 | Memorandum Opinion and Order of Tennessee District Court | September 11, 2023 | 690-94 |
|----|-----------------------------------------------------------|--------------------|--------|
| 19 | Notice of Appeal | October 4, 2023 | 695-96 |